ALEXANDER ET AL. *v.* WILLIS ET AL.

(Decided October 29, 1928.)

*Mr. David W. Jones,* for plaintiffs.
*Messrs. Strecker & Williamson,* for defendants.

MIDDLETON, P. J. This case is before this court on appeal, and is an action for the partition of certain real estate which the plaintiffs, Harry A. Alexander and others, claim as the heirs of one Charles E. Alexander. The defendants claim the same real estate as the heirs of Edith A. Alexander, who was the wife of the said Charles E. Alexander. The facts in the case are not disputed. It appears that said Charles E. Alexander died on the 26th day of March, 1926, leaving a last will and testament, which was duly probated, and which provided as follows:

"I give and devise and bequeath to my beloved wife Edith A. Alexander all my property both personal and real, and all property to which I shall be entitled at the time of my death, to be hers and owned and controlled by her so long as she shall live and remain my widow.

"If she shall continue to remain my widow she can make what disposition best suits her of the property previous to her death."

The wife died on the 16th day of the July following the death of her husband without having taken any action in respect to the disposition of the prop-

erty involved in this suit or of any other property coming to her by virtue of the will of her husband as aforesaid. The parties were childless. It further appears in evidence that the real estate involved in this suit was land devised to the said Charles E. Alexander by his father, one John Alexander, who died in Washington county many years ago.

The controversy between the parties under the foregoing facts rests upon a construction of the will of Charles E. Alexander. It is claimed by the plaintiffs that under said will the wife was given a life estate only in the property of her husband. It is contended by the defendants that under the provisions of the will quoted the wife was given her husband's estate in fee. Counsel have been very diligent in the presentation of authorities in this case, and have substantially exhausted the cases which might be of any assistance in determining the rights of the parties in this suit. The plaintiffs rely upon the case of *Fetter* v. *Rettig*, 98 Ohio St., 428, 121 N. E., 696. The will in that case provided as follows:

"I give, devise and bequeath to my beloved wife, Margaret Fetter, so long as she remains my widow, my entire property both real and personal, wherever it may be situated.

"I do further devise to my said wife, in case she may desire so to do, the power to sell any of my real estate and deed or deeds to the purchasers thereof execute and deliver and thereby convey any or all my real estate in fee simple to the purchaser or purchasers thereof and to their heirs and assigns forever."

It was held, under the foregoing provisions of said will, that the wife took only an estate for life, subject to termination upon remarriage. We regard this case, while very instructive, as not decisive of the instant case for the reason that a power to sell is not equivalent to the unlimited right of disposing given in the instant case. In other words, a mere right "to sell" is not equivalent to an unconditional right to "make what disposition best suits" the devisee.

The defendants have cited the case of *Lepley* v. *Smith*, 13 C. C., 189, 7 C. D., 264. In that case the will provided: "I give and devise to my beloved wife, Nancy * * * , all my property, both real and personal, to have and to hold during her natural life, and to dispose of as she sees fit." Under the foregoing provision, it was held by a divided court that the right "to dispose of as she sees fit" enlarged the preceding life estate into a fee. The opinion in that case was written by a member of the court who did not join in the conclusion of the two remaining members, and we are therefore unable to determine upon what grounds a majority of the court finally determined the case. It is sufficient to say that we are more impressed with the opinion as reported than with the mere conclusion of the court.

Another case which bears upon the interpretation in the instant case is found in 18 C. C. (N. S.), 225, 32 C. D., 697, being the case of *McRoberts* v. *Barnard*. In that case the will provided: "I give and devise all the residue of my estate to Abby my beloved wife, to be to her and to her disposal during her life." The widow made disposition by will of

the estate so given to her, and the question to be determined was whether such disposition could be so made. The court held that its validity could be upheld on two grounds: First, that by the terms of the will she was given an estate in fee; and, second, that the right to dispose of the residue as provided in the will was a right which gave her the power to make a testamentary disposition of the same. The decision in this case was affirmed by the Supreme Court without report. *McRoberts* v. *Barnard,* 81 Ohio St., 560, 91 N. E., 1134.

If in the instant case the wife had attempted to dispose by will of the estate which her husband left, we would be inclined to regard the case last cited as conclusive. But she did not make such disposition of the estate, or attempt to make any disposition of it. We think that this fact clearly distinguishes the instant case from the case of *McRoberts* v. *Barnard.* We are not inclined to regard any of the remaining cases referred to by counsel as controlling.

The testator herein first gave a life estate to his wife in plain and positive language. If we are to adopt the contention of the defendants, he then immediately and in his next expression increased that estate to one in fee without any condition or limitation. In other words, if we are to adopt the claim of the defendants and hold that the property in question in this suit goes to them by inheritance from the deceased wife, we must hold that such property came to her by virtue of her husband's will, and that it so vested in her independent of any action by her as specified and required by the plain terms of that will. This would wholly disregard the

most dominant rule in the construction of wills, and that is to adopt such an interpretation as will carry into effect the intention of the testator, if such intention is apparent. In the instant case the things which the will required the wife to do are not the subject of any doubt or uncertainty. It was, we think, the plain purpose of the testator to require the wife to remain his widow and to dispose of the property previous to her death in order to make her title thereto absolute, and this she failed to do other than to remain his widow; and she died intestate. We consider as very pertinent the fact that the property left by the husband was ancestral property. It came to him by the provisions of his father's will. And thus the failure on his part to make any final disposition of it in case his wife failed to act may be accounted for on the theory that he was content to have the statutory law distribute the remainder to the heirs of his blood.

We are convinced that the dominant intention of the testator was to give his estate to his wife for life, and while she remained his widow, and that the subsequent provision in respect to disposing of the same was intended as a privilege only, and not as the grant of a fee. It is a familiar rule in the construction of wills that, when a grant or devise is made in clear and decisive language, it may not be nullified except by language equally clear and definite. The wife failed or neglected to avail herself of the right to dispose of this estate. To what extent this right might be exercised is not before us. Granting that it included the power to dispose of the estate by will, the failure so to do makes such right unimportant in the present controversy.

A decree may be entered for plaintiffs, and the cause is remanded to the court of common pleas for further proceedings.

*Decree for plaintiffs.*

MAUCK and THOMAS, JJ., concur.